UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARMANDO NAPPI,

    Plaintiff,

v.                          Case No. 8:13-cv-3183-T-33TGW

WELCOM PRODUCTS, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Defendant Welcom Products, Inc.'s Motion to Dismiss Complaint for Insufficient Service of Process (Doc. # 6), filed on March 28, 2014. Plaintiff Armando Nappi filed a response in opposition to the Motion on April 8, 2014. For the reasons that follow, the Court denies the Motion without prejudice and grants Nappi an extension of time to effect service of process.

**I. Background**

On December 18, 2013, Nappi initiated this product liability action against Welcom by filing a four-count Complaint for (1) "design defect," (2) "inadequate warnings," (3) "strict liability," and (4) "strict liability for failure to warn." (Doc. # 1). Stated succinctly, Nappi alleges that

he was "severely and catastrophically injured" while using the Magna Cart, a product designed and manufactured by Welcom. (Id. at ¶¶ 4-5).

On March 21, 2014, Nappi filed a return of service executed, indicating that a process server had effected service of process upon Welcom on March 7, 2014. (Doc. # 5). However, on March 28, 2014, Welcom filed its Motion to Dismiss Complaint for Insufficient Service of Process.[1] (Doc. # 6).

Within the Motion, Welcom states as follows:

> [T]he summons and complaint delivered by and through a process server, on behalf of Armando Nappi to WELCOM PRODUCTS, INC. on March 7, 2014, was insufficient pursuant to Rule 4(h), Fed. R. Civ. P.  Plaintiff alleges to have served the corporate representative of WELCOM PRODUCTS, INC., KERRY WELSH, REGISTERED AGENT, by delivering the documents to Bart McManus as Operations/Authorized Person for WelCom Products, Inc.  Defendant contends that the process server simply asked the person at the front desk if he was Bart McManus and the person confirmed he was, and then the process server stated he was there to serve the documents on WelCom Products, Inc. [However,] Mr. McManus informed the process server that the office in which he intended to serve the documents . . . was not WelCom Products, Inc., but in fact, was WelCom Products, LLC; at which time the process server stated it didn't matter and left the documents on the desk.

---

[1] Welcom states that it asserts the Motion "pursuant to Federal Rule[ ] of Civil Procedure 12(b)(6)." (Doc. # 6 at 1). However, because the Motion lacks any argument concerning the legal sufficiency of the counts in Nappi's Complaint, the Court construes the Motion as a motion to dismiss for insufficient service of process under Rule 12(b)(5).

2

(<u>Id.</u> at 1-2).  Thus, Welcom argues that Nappi's service of process is insufficient because Bart McManus "is not an officer, director, a managing or general agent, or any other agent authorized . . . to receive service of process on behalf of WELCOM PRODUCTS <u>INC</u>."  (<u>Id.</u> at 2) (emphasis in original).

In response to the Motion, Nappi explains that he has attempted to serve Welcom on numerous occasions dating back to May of 2013, when he initially filed a complaint against Welcom for the same injury alleged herein.[2]  (Doc. # 13 at 6).  However, Nappi claims that Welcom has "intentionally evaded service at the professional address for Welcom Products, Inc. in California," and that Welcom additionally has "breached its Rule 4 duty to cooperate to avoid unnecessary expenses of serving the summons."  (<u>Id.</u> at 5).  Nappi proceeds to list several dates on which he attempted service upon Kerry Welsh, the registered agent for Welcom

---

[2] Notably, this is the third iteration of Nappi's case against Welcom.  The first case, filed with this Court on May 8, 2013, (Case No. 8:13-cv-1225-T-33TBM) was dismissed for lack of jurisdiction due to Nappi's failure to cure defective allegations of diversity jurisdiction.  The second case, filed with this Court on September 10, 2013, (Case No. 8:13-cv-2352-T-33AEP) was dismissed for insufficient service of process in light of Nappi's failure to move for an extension of time to effect service before the expiration of the 120-day deadline provided by Fed. R. Civ. P. 4(m).

3

Products, Inc., and ultimately claims that "Welcom Products, Inc. has attempted to evade service and has breached the duty to cooperate on at least seven (7) separate occasions."[3] (Id. at 6). Nappi further explains that he "has requested multiple times if Defendant would allow its attorney of record, Melisa Bodnar, Esq., to accept service, but Mrs. Bodnar and Defendant have refused to accept service to date." (Id. at 3).

Furthermore, Nappi argues that Welcom's present Motion is "premature," because "the time for service has yet to expire as one hundred twenty (120) days from December 18, 2013 will be April 17, 2014." (Id. at 2). Nappi explains that, after Welcom filed the instant Motion, Nappi, "in an abundance of caution, on April 3, 2014, . . . filed another Notice of Lawsuit and Request to Waive Service of a Summons." (Id.). Nappi explains that the Notice "was sent to Welcom Products, Inc. c/o Kerry Welsh, Registered Agent . . . in compliance with Rule 4(d)," and was also "served electronically via email to the Customer Service department head, Chasity Bell . . . ; to the Operations/Logistics

---

[3] Nappi appends to his response a copy of the "Notice of a Lawsuit and Request to Waive Service of a Summons" sent by Nappi's counsel to registered agent Kerry Welsh on December 19, 2013, as well as a U.S. Postal Service tracking receipt indicating that the delivery was "refused" on December 23, 2013. (Doc. # 13-1).

4

Manager, Bart McManus . . . ; and finally upon the President and Worldwide Sales department head, David Rife," as well as Welcom's counsel of record. (Id. at 2-3). Nappi accordingly requests that the Court grant a sixty-day extension of time to perfect service upon Welcom in light of the Notice issued on April 3, 2014, and also in light of Welcom's failure to cooperate in order to avoid unnecessary expenses of service. (Id. at 5).

The Court has reviewed the Motion as well as the response and its corresponding attachments and is otherwise fully advised in the premises.

**II. Analysis**

"'[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity.'" Andujar v. All Coast Transporters, Inc., No. 12-62091-CIV, 2013 WL 2404059, at *2 (S.D. Fla. May 31, 2013) (quoting Familia de Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980)). In this case, because Welcom claims that Nappi's service of process was invalid, Nappi must show that he effected proper service. However, in response to Welcom's Motion, rather than providing relevant legal authority to argue that the attempted service of process upon Bart McManus on March 7, 2014, was proper, Nappi has

5

instead clarified for the Court the circumstances surrounding this alleged insufficient service attempt and has requested an extended opportunity to effect service.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the Court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m), Fed. R. Civ. P.  However, the Eleventh Circuit has held that "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."  Horenkamp v. Van Winkle & Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).

The Court finds it appropriate at this juncture to deny without prejudice Welcom's Motion to Dismiss and to permit Nappi an extension to June 16, 2014, to effect service of process. See Horenkamp, 402 F.3d at 1132-33 (explaining that an extension of time for service of process "may be justified . . . if the defendant is evading service").  Furthermore, Welcom should note that this Court will not require a plaintiff to expend limitless resources in order to effect

6

service upon a defendant who has actual notice of suit and who intentionally evades service. See <u>Banco Latino, S.A.C.A. v. Gomez Lopez</u>, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999) ("Notice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction where a party is evading service of process."); <u>see also</u> <u>Sanderford v. Prudential Ins. Co.</u>, 902 F.2d 897, 900 (11th Cir. 1990) ("Rule 4, Fed. R Civ. P., is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."). However, the Court will defer its determination as to whether service in this case is proper, as well as its determination as to whether Welcom's actions indeed constitute evasion of service, until Nappi has had the chance to utilize the extended opportunity for service granted herein.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

(1) Defendant's Motion to Dismiss Complaint for Insufficient Service of Process (Doc. # 6) is **DENIED WITHOUT PREJUDICE.**

(2) Plaintiff has until and including June 16, 2014, to effect service of process.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of April, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record