```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

ARMANDO NAPPI,

      Plaintiff,

v.                                  Case No. 8:13-cv-3183-T-33TGW

WELCOM PRODUCTS, INC.,

      Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff Armando Nappi's Motion to Waive Service of Process and/or Motion to Appoint a U.S. Marshal as Process Server (Doc. # 20), filed on May 12, 2014. For the reasons that follow, the Court denies the Motion.

**Discussion**

Nappi has attempted on several occasions and by various methods to serve Welcom Products, Inc., the Defendant in this products liability action. By attaching affidavits of service, emails to purported "agents of Welcom," as well as a letter to Welcom's counsel and a tracking receipt for Nappi's Request to Waive Service, Nappi urges the Court to conclude that Welcom is avoiding service of process. (See Doc. ## 20-1, 20-2, 20-7, 20-8). Welcom, which has appeared

in this action for the purpose of filing a motion to dismiss for insufficient service of process (Doc. # 6), has yet to provide any explanation to the Court as to why Nappi's collective attempts at service should be considered insufficient.

In the previously-filed motion to dismiss, Welcom explained only that Nappi effected service on an individual who was "not an officer, director, a managing or general agent, or any other agent authorized" to receive service of process on Welcom's behalf. (Id. at 2). The Court subsequently denied the motion to dismiss without prejudice and granted Nappi an extension of time, until June 16, 2014, to effect service of process. (Doc. # 16).

Nappi's present motion seeks an Order from the Court "waiving service of process, or in the alternative, an Order Appointing a United States Marshal[ ] as a Certified Process Server." (Doc. # 20 at 1). Nappi explains:

> In total . . . WELCOM has either evaded service or has breached the duty to cooperate on at least eight (8) separate occasions.
>
> Additionally, Plaintiff's counsel has requested multiple times to allow Melisa L. Bodnar, Esq., to accept service of process, but Mrs. Bodnar and WELCOM have refused every request to date.

(Id. at 4).

2

Nappi accordingly "requests the Court waive the service requirement in the interest of justice, and that proof of service not be required pursuant to Fed. R. Civ. P. 4(d)(4) due to defendant's evasive conduct." (Id.). Alternatively, Nappi requests "an order from the Court appointing a United States Marshal[ ] as a Certified Process Server to enable Plaintiff to effectuate service on WELCOM." (Id.). Nappi claims that such an appointment "is necessary because WELCOM has deliberately and intentionally evaded service of process via private process server for months. Such evasive tactics will not be tolerated by the United States Marshal['s] Office." (Id. at 4-5).

Nappi offers no legal authority in support of his contention that this Court may "waive the service requirement," and this Court is aware of none. Nappi cites only to Federal Rule of Civil Procedure 4(d)(4), which provides: "When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver."

Rule 4(d), "Waiving Service," applies only when a plaintiff formally requests a defendant to waive service of process. The waiver-of-service procedure next contemplates that the defendant will timely return the waiver, and that

the defendant need not serve an answer to the complaint until 60 days after the request for waiver was sent. See Fed. R. Civ. P. 4(d)(1)-(4).  At no time does the waiver procedure in Rule 4 permit a court to excuse entirely a plaintiff's service obligation, "in the interest of justice" or otherwise.  The Court thus declines Nappi's request to "waive the service requirement."

As for Nappi's request to appoint a U.S. Marshal to effect service of process, Rule 4(c)(3) of the Federal Rules of Civil Procedure provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specifically appointed by the court.  The Court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).  As Nappi is not authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916, Rule 4 leaves to the Court's discretion the decision as to whether appointing a U.S. Marshal to effectuate service in this case would be appropriate.

To that end, the Court finds no indication that appointing a U.S. Marshal under Rule 4(c)(3) would result in any more success than Nappi's private process servers have

already experienced. See Davis v. U.S. Installation Grp. Inc., No. 12-80392-CIV, 2012 WL 4511359, at *2 (S.D. Fla. Oct. 2, 2012) ("It is also unclear how a U.S. Marshal would have any more success at service . . . ."). Although the Court is aware that it has been difficult to serve Welcom, Nappi "has provided no factual basis for why a court order is necessary to accomplish service of process and does not include any legal authority in support of [his] Motion . . . ." GMAC Real Estate, LLC v. Waterfront Realty Grp., Inc., No. 2:09-cv-546-FtM-36SPC, 2010 WL 2465170, at *2 (M.D. Fla. June 15, 2010). "Moreover, although Rule 4(c)(3) . . . gives the Court discretion to order the United States Marshal to serve civil process, the Advisory Committee Notes state that appointment of the United States Marshal is generally proper when it is necessary to keep the peace, a circumstance not present in the instant case." Davis, 2012 WL 4511359, at *2.

If Welcom has indeed intentionally evaded Nappi's diligent attempts to effect service of process, "the court may be receptive to future arguments, supported by sworn affidavit, that service has been effected, pursuant to Fed. R. Civ. P. [4(h)], by some means other than hand-to-hand transfer of the summons and complaint." Am. Indoor Football Ass'n v. Lockwood, 267 F.R.D. 663, 667 (M.D. Ala. 2010); see

5

also <u>Davis v. Frederick J. Hannah & Assocs., P.C.</u>, 506 F. Supp. 2d 1322, 1324 (N.D. Ga. 2007) (finding the plaintiff's substitute service sufficient under Georgia state law and federal law where "Defendant is in the habit of evading service of process, and Defendant clearly has knowledge of the Complaint because it has filed an Answer.").

The Court is mindful that "[a]ctual notice of a suit does not dispose of the requirements of service of process." <u>Boston v. Potter</u>, 185 F. App'x 853, 854 (11th Cir. 2006). Because the lack of personal service of process implicates due process concerns, a plaintiff must strictly comply with the applicable statutory requirements.  However, many statutory schemes permit exceptions to personal service under circumstances in which a plaintiff has made a diligent inquiry and effort to effect personal service on a defendant. <u>See</u>, <u>e.g.</u>, Fla. Stat. § 48.161; O.C.G.A. § 9-11-4(e)(1).  Nappi has not explained why he believes substitute service would be either unsuccessful or inapplicable here.

Nonetheless, the question as to whether service in the present case has been sufficiently effectuated by some means other than hand-to-hand transfer of the summons and complaint is not properly before the Court at this juncture. However, the Court, at the appropriate time, will consider arguments

presented by both parties as to whether Nappi's efforts under the circumstances of this case constitute an exception to the personal service requirement. At the present time, in accordance with this Court's previous Order, Nappi has until and including June 16, 2014, to effect service of process.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Plaintiff Armando Nappi's Motion to Waive Service of Process and/or Motion to Appoint a U.S. Marshal as Process Server (Doc. # 20) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of May, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

7